IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL E. HAMES and JAMES KENLEY,**                        **PLAINTIFFS**
Each Individually and on Behalf of All
Others Similarly Situated

vs.                              Case No. 3:21-cv-218-DPM

**STETSON COURIER, INC.**                                    **DEFENDANTS**
**and JOHN STETSON**

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Plaintiffs brought this case under the FLSA, 29 U.S.C. § 201 *et seq.*, and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, to recover unpaid wages. Plaintiffs obtained some of the most experienced wage counsel in the United States, who took the case without requiring any up-front payment. Plaintiffs' counsel (hereinafter "SLF") not only shouldered all costs and faced the risk of receiving nothing if the case was unsuccessful, but also faced the risk of receiving less than their *actual* fees even in the event of success, depending on what the Court deems reasonable. SLF applied their unique skill set to claims under the FLSA and AMWA, discovery practice, depositions, document exchange, damages calculations, motions practice and trial. These efforts resulted in Judgment and damages for Plaintiffs. Plaintiffs now respectfully ask the Court to award fees of $4,892.00 and costs of $402.00.

Page 1 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

## II. LEGAL STANDARD

A. <u>Authority for Awarding Fees Under the FLSA and AMWA.</u>

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).[1] Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. The FLSA's fee shifting provision also encourages private litigants to sue for their rights even when the expected monetary recovery is otherwise "too small to attract effective legal representation." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999); *see also City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986).

---

[1] The AMWA also provides that a court may award costs and a reasonable attorney's fee against "[a]ny employer who pays any employee less than the minimum wages, including overtime compensation . . . to which the employee is entitled under or by virtue of [the AMWA]." Ark. Code Ann. § 11-4-218(a). Rule 010.14-112 of the Administrative Regulations of the Labor Standards of the Arkansas Department of Labor states that "[t]he department may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of the [AMWA] . . . except to the extent a different interpretation is clearly required."

Page 2 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Indeed, "courts often award attorneys' fees that far exceed the plaintiffs' recovery in FLSA cases,"[2] and reject the use of proportionality as a basis for reducing fee awards. *See Morales v. Farmland Foods, Inc.*, 2013 U.S. Dist. LEXIS 56501, *21–23 (D. Neb. 4/18/2013) (string citing cases); *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 (SRN/SER), 2015 U.S. Dist. LEXIS 52540, *41–42 (D. Minn. Apr. 13, 2015).[3]

B.  Calculation of Fees

A court determines a reasonable fee with a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). A court first evaluates the fee petition of a prevailing party and determines the "lodestar," and then determines if the lodestar should be adjusted, based on various factors, discussed below. *Id*. The "lodestar" is "the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed." *West v. Border Foods, Inc.*, No. 05-2525 (DWF/RLE), 2007 U.S. Dist. LEXIS 43423, at *6 (D. Minn. June 8, 2007). "The relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney

---

[2] In fact, courts in the Eastern and Western Districts have awarded fees in excess of the amount obtained in cases to the Sanford Law Firm. *See O'Quinn v. Country Inn, Inc.*, 412 F. Supp. 3d 1036 (W.D. Ark. 2019) (awarding plaintiff attorneys' fees in the amount of $23,248.00 and costs in the amount of $3,974.08 following an accepted offer of judgment in the amount of $6,450.00); *Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-1073, 2019 U.S. Dist. LEXIS 96565 (W.D. Ark. June 10, 2019); *Kohli v. Mahesh Investments of Little Rock, LLC*, Order at 4–5, No. 4:14-cv-283-SWW (E.D. Ark. July 21, 2015), ECF No. 27 (unpublished) (awarding plaintiff $19,130.00 in attorney's fees after a pre-trial settlement of $2,000.00); *Fields v. R.L. Hurst, Inc.*, No. 4:14-cv-137-JLH, 2015 U.S. Dist. LEXIS 151680, at *2, 6 (E.D. Ark. Nov 9, 2015) (awarding plaintiff $17,244.00 in costs and fees for a pre-trial settlement, where the plaintiffs received $12,500.00).

[3] *See also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989); *Simpson v. Merchants & Planters Bank*, 441 F.3d 572, 581 (8th Cir. 2006); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007) (stating that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.") (citing *Tyler v. Westway Auto. Serv. Ctr., Inc.*, No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, at *14 (S.D. Fla. Mar. 10, 2005); *see also*, *Dressler v. Kan. Copters & Wings, Inc.*, No. 09-1016-MLB, 2010 U.S. Dist. LEXIS 141474, *7–8 (D. Kan. Dec. 22, 2010) (finding that proportionality requirement "has no legal basis" in an FLSA case).

Page 3 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990); *See also Jenkins*, 127 F.3d at 718 (noting that the "court's focus should not be limited to the success/failure of each of the attorney's actions," but rather whether the actions were reasonable at the time).

There is a strong presumption in favor of awarding the lodestar figure. *Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014). Factors to consider in analyzing a reasonable fee include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Gay v. Saline Cty.*, No. 4:03CV00564 HLJ, 2006 U.S. Dist. LEXIS 76852, at *7 (E.D. Ark. Oct. 20, 2006). (quoting *Hensley*, 461 U.S. at 430 n. 3). These factors should rarely be used to adjust the fee because many are already subsumed within the lodestar. *See Blum v. Stenson*, 465 U.S. 886, 898–900 (1984).[4] Also, "the court need not exhaustively address every factor." *Sherman v. Kasotakis*, 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

Finally, the burden of identifying unreasonable billing can be placed on the losing party because it has both the incentive and the knowledge of the case to point it out. *Moreno*, 534 F.3d at 1116. If the losing party "cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant

---

[4] *See also Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 565–66 (1986); *Saizan v. Delta Concrete Prods. Co.*, Inc. 448 F.3d 795, 800 (5th Cir. 2006); *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22.

Page 4 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

the award in full, or with no more than a haircut," meaning a cut of no more than ten percent. *Id*. at 1112, 1115.

### III.  ARGUMENT

A.   Plaintiffs' Requested Lodestar

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiffs' Motion for Costs and Attorneys' Fees, Plaintiffs request $4,892.00 in attorneys' fees. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

1.   *The hours billed by SLF are reasonable.*

Both the total amount of fees requested and the individual time entries detailed in the Billing Spreadsheet reflect reasonable billing. Each task recorded was necessary to the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 27–32.

Plaintiffs filed this case on October 20, 2021. *See* Original Complaint (ECF No. 1). In addition to mandatory disclosures, the parties engaged in written discovery, serving and responding to written interrogatories and requests for production of documents. Decl. Sanford ¶ 40. Document exchange assisted in assessing liability and calculating damages. Decl. Sanford ¶ 40. In addition, Defendant took the depositions of Plaintiffs.[5] Sanford ¶ 4.

---

[5]   Due to the crossover in this case and *Holmes*, Plaintiff Kenley's deposition was inadvertently billed to *Holmes* and is included in that Billing Invoice. *See* Billing Invoice, *Holmes*, No. 4:20-cv-218-DPM, ECF No. 140-1, Entry No. 2127. In the interest of transparency, and because the error does not affect the outcome, Plaintiffs' counsel opted to leave the billing invoices as-is rather than spend effort in shifting billing entries around and reworking spreadsheets.

Page 5 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

The only motion filed in this case was Plaintiffs' Motion for Conditional Certification (ECF No. 14, Filed 06/27/2022). The Court ultimately denied Plaintiffs' request for conditional certification due to procedural concerns with the overlap in the *Holmes* Collective. *See* Order (ECF No. 21, Filed 10/24/2022). Despite the denial, the request for a second collective was not unsupported, nor was it denied on the merits. *See id*. The work spent in pursuing a second collective was reasonable.

This case proceeded through a four-day bench trial that was conducted from December 12–16, 2022. This trial included witness testimony from Plaintiffs in this case as well as Named Plaintiffs and Opt-in Plaintiffs in the related case of *Holmes v. Stetson Courier, Inc.*, Case No. 4:20-cv-191-DPM (E.D. Ark.). Plaintiffs expended considerable effort in trial preparation, including crafting a trial plan, prepping witnesses, collating exhibits, and preparing binders for trial. For efficiency in billing, these efforts were billed exclusively in the *Holmes* case and appear in the *Holmes* Billing Invoice.

Based on the work performed, the number of hours requested is facially reasonable. Fees incurred at various phases and types of work, including the original and reduced time and billing by category, are summarized in the chart below:

Page 6 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

| Category | Actual Time | Actual Value | Time Claimed | Value Claimed | # Reduction |
|---|---|---|---|---|---|
| Case Management | 9.5 | $1,281.60 | 1.6 | $192.50 | 83% |
| Client Communication | 9.1 | $1,183.50 | 8.9 | $1,161.00 | 2% |
| Complaint/Summons/Service | 8.2 | $726.90 | 4.7 | $364.50 | 43% |
| Conditional Certification | 4.1 | $689.90 | 3.8 | $575.00 | 7% |
| Damages | 1.8 | $108.00 | 1.8 | $108.00 | 0% |
| Deposition Related | 2.7 | $350.00 | 2.7 | $350.00 | 0% |
| Discovery Related | 6.6 | $765.00 | 6.6 | $765.00 | 0% |
| Fee Petition | 3.9 | $975.00 | 2.0 | $500.00 | 49% |
| In House Communication | 10.6 | $1,616.80 | 3.6 | $540.00 | 66% |
| Opposing Counsel Communication | 2.6 | $412.60 | 2.4 | $336.00 | 8% |
| Grand Total | 59.1 | $8,109.30 | 38.1 | $4,892.00 | 36% |

Decl. Sanford ¶ 33.

This breakdown of hours worked into discrete categories aids understanding of the fees incurred and further supports the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case."). A discussion of the types of work encompassed by some of the categories identified above is included in the Declaration of Josh Sanford. *See* Decl. Sanford ¶ 33–47.

SLF reduced billing in a good-faith effort to exclude potentially excessive, redundant, or otherwise unnecessary hours, and simply to make billing more reasonable. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 51–55; Ex. 1, Billing Spreadsheet.[6] For example, SLF audited billing and deducted items for which billing insufficiently described how the time was spent and for clerical or administrative work,

---

[6] Billing entries that were wholly deducted from Plaintiffs' fee request were removed from the Billing Spreadsheet entirely but can be produced upon request. *See* Decl. Sanford ¶ 55.

Page 7 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

among other reductions. Decl. Sanford ¶ 33, 52–54. As a result of this billing audit, SLF reduced their fee request by $3,217.30. *Id*. Efforts to voluntarily reduce fees further support the lodestar requested. After subtracting hours billed through the exercise of billing judgment, SLF requests an award of fees for 38.1 hours of legal services.

In making reductions, SLF took into consideration prior judicial admonishments, including those of this Court. *See e.g.*, *Thomas v. Viskase Co.*, No. 3:19-cv-330-DPM, 2022 U.S. Dist. LEXIS 87017 (E.D. Ark. May 10, 2022); *Carden v. Logan Ctrs., Inc.*, No. 3:19-cv-167-DPM, 2022 U.S. Dist. LEXIS 179483 (E.D. Ark. Sep. 28, 2022); *Rorie v. WSP2, LLC*, No. 20-2105, Doc. No. 60 (W.D. Ark., Filed 20 Oct. 20201); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474 (W.D. Ark. Mar. 8, 2016); *See also* Decl. Sanford ¶ 55. For example, Plaintiffs removed all billing for "Staff," which represents time spent by staff members other than Paralegals and Law Clerks. *See* Decl. Sanford ¶ 52; *See also Rorie*, No. 20-2105 at p. 4.

Plaintiffs took several steps to reduce concerns of overstaffing. *See Carden*, 2022 U.S. Dist. LEXIS 179483 at *3. Plaintiffs removed all billing for several attorneys, including Anna Stiritz, Stacy Gibson, and Courtney Lowery. Decl. Sanford ¶ 53. These attorneys provided support, guidance or other work in this case, but removal of their time helps reduce overstaffing and any resulting inefficiencies. Decl. Sanford ¶ 53. In other words, Plaintiffs received the benefit of these attorneys' contribution without placing the cost of that contribution onto Defendants. Additionally, Plaintiffs wholly removed time spent on this case by Attorney Josh Sanford, despite Attorney Sanford concluding the case as sole counsel for Plaintiff. Decl. Sanford ¶ 53.

Page 8 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Also, to reduce concerns over overstaffing and resulting inefficiencies, the "In House Communication" category has been reduced substantially. Intra-firm conferences can increase efficiency by promoting the distribution of work to the attorney or support staff member that can most efficiently or cost-effectively perform the work and sharing knowledge among attorneys to avoid, for example, a half-hour of research when a five-minute conversation with a colleague would achieve the same result. Decl. Sanford ¶ 36–38; *See* Ark. R. Prof. Conduct 1.1 (requiring competent representation). However, SLF is aware of the negative impression of intra-office exchanges. Accordingly, efforts were made to remove all "In House Communication" billing for any attorneys and support staff other than Attorney Colby Qualls who primarily managed the case. *See* Billing Spreadsheet; Decl. Sanford ¶ 49. This allows Plaintiffs to receive the benefit of conferences between SLF attorneys and staff without passing additional cost on to Defendant. The reduction in this category of billing entries by 66% is consistent with judicial recognition that intra-firm conferences can be appropriate while balancing the need to maintain "reasonable" billing overall, particularly with respect to intra-firm conferences.[7] Decl. Sanford ¶ 33.

The concerns of inefficiency and duplication underlying criticisms of "overstaffing" are not present in this case as the attorneys who worked on this case performed necessary tasks that did not result in inefficiency or duplication of effort. Plaintiffs

---

[7] *See also Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law").

Page 9 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

request time on behalf of two attorneys, a law clerk, and a paralegal. *See* Decl. Sanford ¶ 18; Billing Spreadsheet. Attorney Colby Qualls was the primary attorney on this case who managed the day-to-day litigation and saw the case through trial. *See* Decl. Sanford ¶ 49; Billing Spreadsheet. Attorney Rebecca Matlock is a member of the SLF drafting team and performed some of the minor briefing in the case, as well as drafting the fee petition after Attorney Kinney's departure from SLF. Decl. Sanford ¶ 49. Allowing attorneys to perform the work that they perform best and most efficiently adds value without adding unnecessary cost.

In *Carden*, this Court made a reduction of 25% to fees due to overstaffing. 2022 U.S. Dist. LEXIS 179483 at *3. The same is true for *Thomas v. Viskase Co.*, 2022 U.S. Dist. LEXIS 87017 at *3–4. No such reduction should be made in this case because Plaintiffs have already made appropriate reductions and have attempted to reduce the impact of duplication of effort by the attorneys that billed in this case. *See Franklin v. Magnolia Flooring Mill, LLC*, No. 1:17-cv-01073, 2019 U.S. Dist. LEXIS 96565, at *11–12 (W.D. Ark. June 10, 2019) ("Upon consideration, the Court finds that the fact that numerous attorneys work collectively on one case is not in-and-of-itself unreasonable and, in some cases, may indeed be more efficient and lead to a reduction in the total number of hours worked on a matter. Accordingly, the Court will not reduce the claimed hours for alleged 'over-staffing.'"). *See* Billing Spreadsheet. The number of attorneys staffing this case is inherently reasonable.

SLF also appropriately utilized the assistance of support staff such as Paralegals and Law Clerks. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v.*

Page 10 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

*Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

There is a strong presumption in favor of the resulting lodestar figure. *West*, 2007 U.S. Dist. LEXIS 43423, *6; *Beauford*, 2014 U.S. Dist. LEXIS 5039, at *21–22. While a Court's experience regarding the amount of fees that might be reasonable in a particular case may guide this analysis, it is not a substitute for the lodestar analysis. *Murphy v. Vaive Wood Prods. Co.*, 802 F. App'x 930, 937 (6th Cir. 2020). However, judicial experience supports the total amount requested is reasonable. With respect to total hours billed, courts generally agree that it takes hundreds of hours of legal work to litigate a multi-plaintiff FLSA case. *See*, *e.g.*, *Beauford v. ActionLink, LLC*, No. 4:12-CV-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *20-21 (E.D. Ark. Jan. 15, 2014) (Awarding fees for 866.2 hours of work after reductions by the Court); *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *12 (N.D. Ohio July 27, 2018) ("In comparison, other counsel have received compensation for only around 1,500 hours for multi-year litigation involving FLSA collective actions").[8] The total dollar figure is likewise reasonable given the nature of this case. *See Rodriguez v. Mech. Tech. Servs.*, No. 1:12-CV-710-DAE, 2015 U.S. Dist. LEXIS 164079, at *24-25 (W.D. Tex. Dec. 8, 2015) ("Attorney's fee awards in FLSA class action cases within the Western District of Texas are consistently six-figure dollar amounts.") (collecting cases).

---

[8] *See also Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *18-20 (E.D. Ark. Jan. 6, 2014) (awarding fees for 530 hours of legal work after reductions by the court); *Long v. HSBC USA Inc.*, 2016 U.S. Dist. LEXIS 124199, at *35-36 (S.D.N.Y. Sep. 13, 2016) ("The hours billed by plaintiffs' counsel to this matter are reasonable. Although the time records reflect that four law firms and a large number of attorneys were assigned to and billed time to this matter, the vast majority of the work, totaling 455.60 hours, was done by a group of five attorneys . . . ."); *Adams v. City of Manchester*, No. 4:11cv1309 TCM, 2013 U.S. Dist. LEXIS 127294, at *1 (E.D. Mo. Sep. 6, 2013) (awarding fees for 351.24 hours of legal work after reductions by the court); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, at *80 (D.S.D. Mar. 12, 2010) (557.1 hours found to be reasonable in a 2-plaintiff FLSA case).

Page 11 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

In sum, at each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous records of this work. Decl. Sanford ¶ 30; Ex. 1, Billing Spreadsheet. The time spent was reasonable and necessary, and the overall billing is likewise reasonable. Therefore, Plaintiffs' fee request of $4,892.00 should be granted in its entirety.

2. *SLF billed at reasonable hourly rates.*

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff member, is set forth below:[9]

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Colby Qualls | $150.00 | 17.3 | $2,595.00 |
| Rebecca Matlock | $250.00 | 3.1 | $775 |
| Law Clerk | $75.00 | 6.4 | $480.00 |
| Paralegal | $100.00 | 9.3 | $922.00 |
| Grand Total | | 38.1 | $4,892.00 |

The hourly rates charged by SLF are reasonable and below the national average for complex litigation. The National Association of Legal Fee Analysis ("NALFA") reports, based on a national survey of more than 2,000 litigators, that the average rate for plaintiffs' attorneys engaged in complex litigation in 2020 was $445.00 per hour. *See* "NALFA Releases 2020 Average Hourly Rates in Litigation," NALFA, http://www.thenalfa.org/blog/nalfa-releases-2020-average-hourly-rates-in-litigation/ (last visited 5 April 2021). Most of the hourly rates requested in this case are well below this

---

[9] The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1).

Page 12 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

figure, although Arkansas' cost of living is only 14% lower than the rest of the nation, according to a report by the Arkansas Economic Development Commission.[10]

SLF's expertise supports the requested rates. There is no group of attorneys within 600 miles of Little Rock who have experience comparable to SLF in wage litigation. Decl. Sanford ¶ 9. Including cases currently being prosecuted throughout the country today, SLF has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings. *Id.*

SLF has been awarded rates comparable to the rates requested in this case. As recently as June of 2023, Attorney Colby Qualls was awarded an hourly rate of $150.00. *Intres v. Neumeier Enter., Inc.*, No. 2:22-cv-02067-PKH-MEF, 2023 U.S. Dist. LEXIS 123543, at *12 (W.D. Ark. June 29, 2023). In *Rodriguez v. Superior Real Estate Sols.*,[11] the plaintiff requested total fees of $14,833.81, which included requested hourly rates of $383.00 for attorney Josh Sanford. No. 4:19-cv-405-DPM, 2021 U.S. Dist. LEXIS 81981, at *1 (E.D. Ark. 29 Apr. 2021); *See also Rodriguez*, No. 4:19-cv-405-DPM, Doc. No. 29, p. 10 (E.D. Ark. Filed 7 Apr. 2021); *See also Sheffield v. Stewart Builders, Inc.*, No. H-19-1030, Doc. No. 60, p. 12 (S.D. Tex. Filed March 10, 2021) (awarding hourly rates of $450.00 to attorney Josh Sanford, $350.00 to attorney Anna Stiritz, $300.00 to attorney Vanessa Kinney, $285.00 to attorney Steve Rauls). Although the *Rodriguez* Court noted that "some of the rates are too high for this kind of case in this District," the Court still awarded the total amount in fees requested by the plaintiffs because the amount "represent[ed] a reasonable total for all the work needed in this case." *Id*.

---

[10]   *See* "Cost of Living," Ark. Economic Dev. Comm'n, https://www.arkansasedc.com/why-arkansas/life-in-the-natural-state/detail/cost-of-living (last visited 5 April 2021).

[11]   No. 4:19-cv-405-DPM, 2021 U.S. Dist. LEXIS 81981, at *1 (E.D. Ark. Apr. 29, 2021); *See also Rodriguez*, No. 4:19-cv-405-DPM, Doc. No. 29, p. 10 (E.D. Ark. Filed Apr. 7, 2021).

Page 13 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Similarly, nearly *four years ago* the Honorable Leon Holmes refused to reduce Attorney Sanford's rate from his request of $325.00 per hour in view of the fact that he was not requesting payment for all of his actual hours expended. *Coates v. Dassault Falcon Jet Corp.*, No. 4:17CV372 JLH, 2019 U.S. Dist. LEXIS 140110, at *4 (E.D. Ark. 8 May 2019); *See also Murdock v. McNair*, No. 5:17-CV-05225, 2018 U.S. Dist. LEXIS 204140, at *5–6 (W.D. Ark. 3 Dec. 2018) (approving hourly rate of $325 for attorney Josh Sanford following voluntary reductions in billing that reduced the effective hourly rate to $300 per hour).[12] The same reasoning holds here, where significant reductions are made to overall billing. Decl. Sanford ¶ 34, 52–58.

Further, an attorney's hourly rate is not frozen in time, but rather naturally increases over time as a result of *both* inflation and increased experience. *See McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020) ("But the passage of time not only triggers inflation adjustments, it represents additional time in which the attorney has gained more experience and skill, justifying higher rates."). To account for inflation, the *Veasey* court relied on a rate calculator found at the United States Bureau of Labor Statistics. 2020 U.S. Dist. LEXIS 255611, at *50, n.24; *See also* U.S. Bureau of Labor

---

[12] *See also Estes v. Christopher Buell*, Case No. 4:18-cv-26-KGB, Doc. No. 50 (E.D. Ark. Filed 05/25/2020) (granting fee petition that included requests for attorney billing at the following hourly rates: $325 for Josh Sanford; $225 for Lydia Hamlet; $190 for Rebecca Matlock; $225 for Steve Rauls; $150 for Tess Bradford) (as identified in Brief in Support of Plaintiff's Motion for Costs and Attorneys' Fees, *Estes v. Christopher Buell*, Case No. 4:18-cv-00026-KGB, Doc. No. 47, p. 9 (E.D. Ark. Filed 04/17/2019)); *See also Latcham v. U.S. Pizza Company, Inc.*, No. 4:16-cv-582-BSM (E.D. Ark. Jan. 24, 2019) (awarding an hourly rate of $325.00 to attorney Josh Sanford); *Burchell v. Green Cab Co.*, No. 5:15-CV-05076, 2016 U.S. Dist. LEXIS 29474, at *4-5 (W.D. Ark. Mar. 8, 2016) (approving over the objection of the defendant the hourly rates of $290.00 for attorney Josh Sanford, $225.00 for other attorneys of Sanford Law Firm, and $60.00 for "staff").

Page 14 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Statistics, "CPI Inflation Calculator," https://www.bls.gov/data/inflation_calculator.htm (last viewed March 13, 2023).

Turning to the current case, in addition to the rates discussed above, in March of 2016 Attorney Josh Sanford was awarded an hourly rate of $290.00. *Burchell*, 2016 U.S. Dist. LEXIS 29474, at *4-5. According to the CPI Inflation Calculator, this translates to $366.37 as of February 2023, which supports the hourly rate of $383.00 being requested herein when taking into consideration Mr. Sanford's seven additional years of experience since *Burchell*.

Plaintiffs acknowledge that the rates requested herein are not as low as those awarded in some other cases, including this Court's recent holding in *Hallman v. Peco Foods, Inc.*, No. 3:19-cv-368-DPM (E.D. Ark.), but maintain that the rates requested are supported by both counsel's experience and relevant case law.[13]

In sum, the rates requested by SLF reflect the geographic area in which SLF practices, the type of law practiced by SLF, the qualifications and experience of SLF's attorneys who worked on this case, and the resulting market value of those factors. Decl. Sanford ¶ 7–17, 19. SLF took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 23–29. Further, SLF's voluntarily reductions to billable hours make the requested hourly rates even more appropriate.

The law is clear that attorney rates in fee-shifting cases must be set by the free market. *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (fee

---

[13] SLF's continued requests for higher hourly rates than the rates previously awarded by courts in this district is not out of disrespect for judicial decisions but is an effort to maintain consistency while faithfully pursuing the Firm's interests. SLF believes the rates to be reasonable and well-supported, which is the only requirement for an award of fees under the FLSA.

Page 15 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

awards must consider the "prevailing market rate in the relevant community."); *Eldredge v. EDCare Mgmt.*, 766 F. App'x 901, 910 (11th Cir. 2019); *West*, 2007 U.S. Dist. LEXIS 43423, 6. While the arguments made above demonstrate that the hourly rates requested by SLF are well supported, if this Court should disagree, Plaintiffs stand ready to assist with re-calculating the lodestar using rates this Court approves.

B.    *Johnson* Factors

As discussed above, the *Johnson* factors are typically reflected in the lodestar and are rarely used to justify a deviation from the lodestar amount. However, to the extent that any of the *Johnson* factors support a deviation, that deviation is upward.

With respect to the skill requisite to perform the legal service properly, SLF devotes a significant part of its practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶ 4–7, 9, 11–14, 19, 20, 25, 27. Specialization, such as in labor and employment law, can support a higher-than-average rate. *See, e.g., Autrey v. Food Concepts Int'l, LP*, No. 2:13-cv-131, 2017 U.S. Dist. LEXIS 46693, at *14 n.5 (S.D. Ohio Mar. 29, 2017). Accordingly, this factor supports an upward deviation, if any.

The contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 16, 17, 23–26.[14] However, the "contingency" fee award sought by SLF in this case is not a contingency fee in the traditionally-used sense whereby an attorney takes a portion of the plaintiff's recovery. Decl. Sanford ¶ 25. Rather, SLF relies on the fee-shifting provisions of the FLSA to recover fees in this case. *Id*. However, from the time that SLF began its representation of Plaintiffs, SLF faced the risk of non-payment in the

---

[14]    *See also Fox v. Pittsburg State Univ.*, No. 2017 U.S. Dist. LEXIS 97879, at *45 (D. Kan. June 26, 2017) (recognizing that any "contingency risk should be reflected in the lodestar in the form of a higher hourly rate for the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement").

Page 16 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

event that Plaintiffs did not prevail; and even in the event of success, payment to SLF is delayed for the duration of the litigation through at least the time that fees are awarded either through settlement or Court order. *Id.* at ¶ 25, 26. Therefore, this factor supports an upward deviation.

C.     Costs and Expenses

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy, L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiffs seek $402.00 in costs, which is limited exclusively to the filing fee. Costs such as transcript fees were incorporated into the *Holmes* billing invoice. The amount is correct and was necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 56–57.

Page 17 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiffs request an award of all costs.

## IV. CONCLUSION

SLF submitted complete documentation of the hours reasonably expended in litigating this case and its attorneys billed their time at reasonable rates. SLF is entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiffs' counsel are skilled attorneys with particular experience in FLSA cases. They took up the cause of low wage earners who were not in a position to pay for legal services and bore the cost throughout the litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, SLF should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiffs respectfully request that the Motion for Costs and Attorneys' Fees be granted in its entirety and that Defendant be ordered to pay attorneys' fees of $4,892.00 and costs of $402.00, for a total of $5,294.00.

Respectfully submitted,

**MICHAEL E. HAMES and JAMES KENLEY, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 18 of 18
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Brief in Support of Plaintiffs' Motion for Costs and Attorneys' Fees