IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICHAEL E. HAMES and JAMES KENLEY,**  **PLAINTIFFS**
Each Individually and on Behalf of All
Others Similarly Situated

vs.                          Case No. 3:21-cv-218-DPM

**STETSON COURIER, INC.**  **DEFENDANTS**
**and JOHN STETSON**

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR COSTS AND ATTORNEYS' FEES

### I. INTRODUCTION

Defendants' Response to Plaintiffs' Motion for Costs and Attorneys' Fees ("Response") (ECF No. 37) devotes as much energy to citing opinions in which courts have found reasons to reduce fees requested by Sanford Law Firm, PLLC ("SLF") as to actually analyzing hourly rates and the relevant billing entries. As noted by the Western District of Arkansas, "Fee requests pursuant to fee shifting statutes are entirely fact specific to the case and attorney time claimed for a specific service rendered," and therefore "[b]ecause the attorney fee request of the [SLF] was reduced in a previous case is of little relevance with this case." *Rodriguez v. George's, Inc.*, No. 5:19-cv-05035, 2021 U.S. Dist. LEXIS 53997, at *6 (W.D. Ark. Mar. 23, 2021). In any event, viewed both independently and through the lens of prior fee awards, Plaintiffs' request for costs and fees is reasonable, and Plaintiffs' Motion for Costs and Attorneys' Fees

Page 1 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

("Motion for Fees") should be granted in its entirety except for any specific reductions agreed to herein.

### A. Defendants' Request for a Lodestar Reduction Is Inappropriate in Light of the Individual Reductions Requested.

At the outset, Defendants' illogical and contradictory claims regarding Plaintiffs' self-audit of the billing here should be disregarded. Defendants claim that because Plaintiffs did not include the excluded billing in the filed billing spreadsheet, there is no way to verify that Plaintiffs did not artificially inflate the billing so that they could look reasonable in cutting it.[1] In the very next sentence, Defendants claim that Plaintiffs should not have excluded legitimate work and implies that the fact that *any* work was taken out is evidence of SLF's malintent in requesting inflated billing. By this logic, SLF should not impose a self-audit at all and leave it to Defendants and the Court to sort out whether the billing was reasonable. Rather than cave to this sort of self-serving accusation, SLF continues to review the billing of each case prior to presenting it to the Court to ensure there is no duplicative, unreasonable, or unnecessary billing as required by legal precedent.[2]

Defendants specifically identify certain billing entries which Defendants contend should be deducted from Plaintiffs' fee request. However, not all of the billing entries are appropriate for reduction. In an effort to resolve the dispute between the parties,

---

[1] This is a wholly baseless and inappropriate accusation. Even a cursory review of this Court's rulings on SLF's previous fee petitions shows that not only is this not SLF's practice, but also that even if it were, this Court's careful and judicious review of SLF's fee petitions guarantees that that type of calculated game-playing would not work. Regardless, the unedited billing invoice is available for the Court's (and Defendants') review if it deems it necessary to examine whether the deducted billing was reasonably expended. As an aside, SLF stopped including the cut billing in its invoices because of this very accusation—defendants hyper-focused on the billing that SLF was *not* requesting rather than focusing on the reasonableness of the billing that it was.

[2] This is an effort undertaken in good faith, but as demonstrated below, is subject to human error.

Page 2 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Plaintiffs consent to 1.5 hours of billing identified by Defendants being deducted, although Plaintiffs do not agree that all of these hours are inherently appropriate or deduction.

Defendants' objections to the whole of the Client Communication category is unwarranted. To begin with, SLF should not have to disclose the substance of client communication in order to be compensated for this time. Further, the Client Communication category has already been reduced, and no additional reduction should be applied. Given the number of Opt-In Plaintiffs involved in this case at the time of settlement and the lifespan of this case, 8.9 hours of Client Communication time is a facially reasonable amount of billing.[3]

Defendants claim certain billing entries should be deducted because they amount to "administrative" work. Defendants wholly object to all time billed by "Staff," presumably simply because it was "staff" doing the billing and not because the work performed was actually administrative in nature. This "staff" billing is an example of the human error inherent in the billing invoice review process: the SLF "staff" member performing the damages calculations that Defendants object to had recently shifted into a paralegal position at SLF, but the firm's time-keeping software had not been updated to reflect the new position and his time was still logged at the staff hourly rate of $60.

This is the sort of thing that is supposed to be caught and changed when SLF does its billing review but was missed in this instance, likely due to the sheer bulk of review involved in both this case and *Holmes v. Stetson Courier. Inc.*, No. 4:20-cv-191-

---

[3] Should the Court deem further review necessary, Plaintiffs respectfully request permission to file the unredacted billing invoice under seal. Defendants are likely correct that not all of those communications contain privileged information, but some of them certainly do, and SLF has noted this and other Courts' instructions to keep time spent in reviewing billing to a minimum and now simply redacts all client communications rather than spend excessive time in review for privileged information.

Page 3 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

DPM (E.D. Ark.).[4] Accordingly, entry numbers 245, 260, and 304 on the billing invoice (numbers 2, 3, and 4 on Defendants' list in their Response, p. 5) were performed by a paralegal rather than a staff member and Defendants are reaping the benefit of the lower hourly rate for staff. Plaintiffs concede the reduction of the 0.2 hours a "staff" member spent preparing a waiver of service, but the remaining 1.8 hours of time billed by "staff" were spent in calculating damages and are compensable work. Likewise, Plaintiffs concede 0.2 of the 0.3 hours of "administrative" work attributed to Attorney Colby Qualls's oversight of the waiver of service (entry numbers 94 and 104 on the billing invoice; items 1 and 2 on Defendants' list in their Response, p. 6), but the remaining 0.1 consists of proper communication regarding the calculation of damages, an activity that inherently requires attorney oversight (entry number 250 on the billing invoice, item 3 on Defendants' list).

Defendants next object to 1.3 hours attorney oversight of paralegal work that they claim is either administrative or appears duplicative. Plaintiffs concede the reduction of 0.5 hours.[5] The remaining 0.8 hours consist of attorney direction regarding the drafting and handling of discovery. Finally, Defendants object to instances in which Attorney Qualls conferenced with senior attorneys. Far from the "constant oversight" claimed by Defendants, the entries Defendants object to amount to a whopping 0.3 hours, or a mere 1.73% of Attorney Qualls's overall time. *See* Billing invoice, ECF No. 35-1, Entry Nos. 154 and 276 (or items 1 and 2 on Defendants' list in their Response, p. 7).

---

[4] The "Staff" work is not reflected in the charts contained in Plaintiffs' Brief in Support of Motion for Costs and the Declaration of Josh Sanford filed in support (ECF Nos. 36, 35-2) for this same reason—it was accidentally overlooked in the drafting process.

[5] Plaintiffs concede the reduction of entry numbers 212, 269, 287, 311 and 313 (or numbers 4, 7, 9, 12 and 13 on Defendants' list in their Response, p. 6–7).

Page 4 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Of the 3.9 total hours Defendants specifically objected to by line item (amounting to $405.00), Plaintiffs concede 0.9 hours, which amounts to $117.00 in reduction. Plaintiffs concede an additional 0.6 hours[6] (for a total of 1.5) to account for the inevitable errors that were not specifically identified, for a total conceded reduction of $207.00. Defendants' specific identification of a mere 3.9 hours, which Defendants claim makes Plaintiffs' invoice "replete" with inappropriate billing, represents 10.2% of total billing in this case and does not justify the further 50% reduction requested by Defendants. "When reducing fees, courts may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut," but it may not do both. *Poblano v. Russell Cellular, Inc.*, No. 8:19-cv-00265-KKM-AAS, 2022 U.S. Dist. LEXIS 16848, at *6 (M.D. Fla. Jan. 26, 2022) (internal quotation marks omitted).

B. <u>The Hourly Rates Requested by Plaintiffs Are Appropriate.</u>

In arguing that Plaintiffs' requested hourly rates are too high, Defendants claim that "the reasonableness of an attorney's fee, particularly the fees of SLF, have been thoroughly considered and adjudged by U.S. District Courts for the Eastern and Western Districts of Arkansas." Resp., p. 25, n.24. This is not the legal standard for a fair assessment of reasonable hourly rates. As SLF has been instructed, "[p]rior awards are not direct evidence of market behavior; the court is not a legal souk." *Huffman v. Associated Mgmt.*, No. 4:20-cv-1296-BRW, 2021 U.S. Dist. LEXIS 136415, at *4 (E.D. Ark. July 22, 2021) (quoting *Dillard v. City of Greensboro*, 213 F.3d 1347, 1355 (11th Cir. 2000)). While prior awarded hourly rates may be instructive, Plaintiffs need only present rates based on a reasonable market assessment, which Plaintiffs have done.

---

[6] Plaintiffs calculated the 0.6 hours at Attorney Qualls's hourly rate of $150.00 because Attorney Qualls performed the bulk of the work on this case.

Page 5 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Regardless, the hourly rates requested by Defendants are absurdly low, even based on prior rates awarded to SLF. It is unreasonable for Defendants to insist that hourly rates remain frozen in time, and in fact both case law and common-sense dictate that they should not. See *McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020). In fact, this Court recently noted in *Hallman v. Peco Foods, Inc.*, that SLF's rates had not been raised since 2019. No. 3:19-cv-368-DPM (E.D. Ark.), ECF No. 186. Accordingly, the Court awarded an hourly rate of $275 to Josh Sanford and $225 to Vanessa Kinney. Notably, the Court awarded an hourly rate of $200 to Sean Short, who has been practicing since 2015, and $150 to Michael Stiritz, who has been practicing since only 2021. Attorney Qualls has been practicing since 2019, making his rate more akin to Stiritz, making the requested rate of $150 for Attorney Qualls not only wholly reasonable but also in line with this Court's prior awards. Defendants' requested rates for Attorney Matlock suffers from this same deficiency. Attorney Matlock has been practicing for nearly 10 years, making her rates more analogous to Sean Short's awarded rate of $200. If this Court will not award the rates requested by Plaintiffs, then the Court should award rates that reflect the increase awarded in *Hallman*.

In sum, Plaintiffs' hourly rate requests are supported by case law and Plaintiffs' counsel's experience. However, even if this Court should refuse to award the rates requested by Plaintiffs, the Court should still increase the rates from those requested by Defendants to be in line with this Court's assessment of rates in *Hallman*.

Page 6 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

C.  <u>There Is No Basis for the 50% Overall Reduction Requested by Defendants based on *Childress* or the *Johnson* factors</u>

Defendants request a "generous" 50% reduction based on a wholly made-up idea of "lack of success." Plaintiffs obtained a full victory at trial on behalf of six individuals, all of whom were named Plaintiffs in this case and *Holmes*. Plaintiffs received a liability ruling from the Court and a favorable judgment awarding them damages; to claim that Plaintiffs were unsuccessful simply ridiculous.

Defendants raise two related arguments in support of their request for reduction for "lack of success." First, Defendants present some highly specific and decontextualized math based on nothing more than Defendants' own extrapolation to claim that Plaintiffs only received "5% of the estimated pre-trial exposure." Resp., p. 28. The second, related[7] argument is that the Court decertified the collective at trial and dismissed 34 opt-in plaintiffs, which, according to Defendants, means that Plaintiffs were only victorious on 15% of their claims. Neither of these arguments merits an additional 50% reduction in overall fees.

First of all, Courts should not overemphasize the amount of recovery "because an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Rodriguez v. Molina Healthcare Inc.*, 806 F. App'x 797, 806 (11th Cir. 2020) (citing *Fegley v. Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994)). "[E]ach time the FLSA is enforced, it provides an incentive for employers to obey rather than flout the statute." *Id*. at 805 (editing marks in original).

---

[7] These ideas of "unsuccessful" claims very clearly rely on each other. Defendants' exorbitant idea of estimated pre-trial exposure, which was calculated based on Plaintiffs' post-trial brief, is only possible when there are 40 plaintiffs in the case.

Page 7 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

In rejecting the employer's request for a deduction based on "the plaintiffs' alleged lack of success," the court in *Morales v. Farmland Foods, Inc*., pointed out that the Court had "already determined that the settlement was fair and reasonable," and that while the settlement amount represented a small percentage of the plaintiffs' initial estimate of damages, "the settlement amount represents a significant increase from the amount (zero) of damages that the defendant contended was due and owing to the plaintiffs." No. 8:08CV504, 2013 U.S. Dist. LEXIS 56501, at *33–34. (D. Neb. Apr. 18, 2013). "A court should compensate the plaintiff for the time his attorney reasonably spent in achieving the favorable outcome, even if 'the plaintiff failed to prevail on every contention.'" *Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205 (2011).

Defendants suggest that Plaintiffs were not successful because the collective was decertified and the claims of the collective were dismissed, but Defendants have not shown that the dismissal of the opt-ins resulted in billing entries that could not be attributed to the named Plaintiffs who were ultimately victorious. "Attorneys' fees may be awarded for unsuccessful claims as well as successful ones . . . where they are 'inextricably intertwined and involve a common core of facts or are based on related legal theories.'" *Holick v. Cellular Sales of N.Y., LLC*, No. 1:12-CV-584 (DJS), 2021 U.S. Dist. LEXIS 47393, at *5-6 (N.D.N.Y. Mar. 15, 2021) (quoting *Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 656 (S.D.N.Y. 2019)). *See also Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983) ("Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney

Page 8 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

time."). Accordingly, there is no basis for reducing fees based on this argument by Defendants.

The Supreme Court directs that there is a "strong presumption" in favor of the lodestar and direction that deviations from the lodestar should occur only in "rare" circumstances. *See Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 15, 2014) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). Defendants' argument for an across-the-board 50% reduction based on nothing other than a "lack of success" argument that fails to adequately address how the alleged lack of success relates to the lodestar must be rejected. The work performed by counsel for Plaintiffs in this case was reasonable and necessary to achieve the judgment reached on behalf of Plaintiffs. Therefore, no reduction for lack of success is warranted.

E.   Conclusion

For the reasons set forth above, Plaintiffs' request for fees and costs should be granted in its entirety with the exception of the 1.5 hours conceded by Plaintiffs. With the reduction, Plaintiffs' total request for fees is $4,685.00.

Page 9 of 10
Michael Hames, et al. v. Stetson Courier, et al.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM
Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees

Respectfully submitted,

**MICHAEL E. HAMES and JAMES KENLEY, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 10 of 10**
**Michael Hames, et al. v. Stetson Courier, et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-218-DPM**
**Reply in Support of Plaintiffs' Motion for Costs and Attorneys' Fees**